MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:

FLOSS BAR, INC. *et al.*

              Debtor
---------------------------------------------------------X

Chapter 11

Case No.: 22-11671

**MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AUTHORIZING THE PRIVATE SALE OF CERTAIN EQUIPMENT**

      Floss Bar, Inc. ("Floss Bar") and Med Bar, LLC ("Med Bar", and collectively with Floss Bar, the "Debtors") by their attorneys Mandelbaum Barrett PC, file this motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2002, 6004, 6006, and 9014 for an Order approving the sale of certain equipment ("Equipment") via private sale pursuant to the term sheet with Bristol Park Dental Associates PLLC ("Buyer") attached hereto as Exhibit A ("Term Sheet"), and respectfully states as follows:

**Preliminary Statement**

      The Debtors filed their Plan of Liquidation under Subchapter V of Chapter 11 on March 13, 2023 (the "Plan") [Dkt 39]. The Court has scheduled the hearing for confirmation of the

Plan for May 23, 2023 (the "Confirmation Hearing"). The Plan calls for the wind-down of the Debtors' business and liquidation of their assets.

The Debtors, in their business judgment, have determined that the sale of the Equipment in advance of the Confirmation Hearing via private sale to Buyer pursuant to the Term Sheet is in the best interests of the estates. The proposed sale accomplishes a stated goal of the Debtors. It will generate $55,000 in cash to the Debtors—the highest price the Debtors have seen with respect to this Equipment—without any expense relating to an auctioneer or delays attendant to a confirmation hearing. It is an arms-length transaction with a buyer who has no connections to the Debtors. In support of this Motion, the Debtor submits a Declaration of Ronen Yair dated April 14, 2023 (the "Yair Declaration").

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rules 2002, 6004, 6006, and 9014.

**Background**

3. On December 14, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. No entity has requested the appointment of a trustee or examiner in these Chapter 11 cases.

5. On December 16, 2022, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Ronald Friedman as Subchapter V Trustee (the "Subchapter V Trustee").

6. The Debtors' business and facts precipitating the filing of their Chapter 11 proceeding is set forth in the Affidavit of Ewa Sadej Pursuant To Local Bankruptcy Rule 1007-2 (the "Sadej Affidavit") filed on December 19, 2022. Those facts are incorporated herein by reference.

7. On March 13, 2023, the Debtors filed the Plan.

**Miscellaneous Equipment and Marketing**

8. As set forth in the Plan, Floss Bar was established in 2017 as a mobile logistics business enabling dentists and hygienists to provide dental care at the workplaces of Floss Bar's corporate clients as part of onsite wellness initiatives for their employees. Unfortunately, the Covid-19 pandemic negatively impacted Floss Bar's operations. Floss Bar significantly scaled down its operations to all but one client and ultimately has been dormant since August 2022.

9. The Equipment that the Debtors propose to sell pursuant to this Motion is miscellaneous equipment that was used in Floss Bar's business.

10. Prior to the bankruptcy filing, the Debtors posted most of Floss Bar's equipment (including the Equipment) on sales websites such as Dentaltown and eBay. These two platforms are the two biggest sources for sale of used dental equipment. The Debtors did not receive any offers for the sale of the Equipment on either Dentaltown or eBay.

11. The Buyer is opening a new dental practice shortly and is interested in immediately purchasing the Equipment for $55,000 in cash pursuant to the Term Sheet. The proposed sale is as is/ where is, and is only conditioned upon inspection by the Buyer.

12. The Buyer has no connections with the Debtors or any of their principals.

13.     The Debtors negotiated the Term Sheet with the Buyer at arm's length and in good faith.

14.     The purchase price is 50% of the manufacturer's suggested retail price for the brand new equivalent equipment and is more than what equivalent used equipment is being sold for on eBay and/or Dentaltown.  The Term Sheet offers the highest and best price the Debtors have seen with respect to the Equipment.

15.     There are no auctioneer fees associated with the sale and the Debtors anticipate no expenses relating to the sale.

16.     Further, because the Buyer is opening a new dental practice shortly, the Debtors believe the Buyer is eager to purchase the Equipment and will walk away from the sale if there is too much delay.  Thus, the Debtors determined that they should sell the Equipment to the Buyer in advance of the Confirmation Hearing.

**Relief Requested**

17.     By this Motion, the Debtors request that this Court, pursuant to Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rules 2002, 6004, 6006, and 9014, approve the sale of the Equipment pursuant to the Term Sheet.

18.     Bankruptcy Code section 363(b) provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

19.     Bankruptcy Code section 105(a) provides, in relevant part, as follows, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

4892-1075-0045, v. 1

20. Courts usually defer to the business judgment of a debtor in deciding whether or not to authorize a debtor to sell property outside the ordinary course of business. *See In re Continental Airlines, Inc.*, 780 F.2d 1223 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983); *In re Mason's Nursing Center, Inc.*, 73 B.R. 360, 362 (Bankr. S.D. Fla. 1987).

21. The business judgment rule is satisfied where a debtor acts on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the [debtor]." *Official Comm of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res. Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Lit-igants and / or Creditors v. Johns-Mansville Corp. (In re Johns-Mansville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

22. In considering whether a debtor is justified in selling assets outside the ordinary course of business, courts consider four factors: (1) a sound business reason or emergency justifies a pre-confirmation sale; (2) adequate and reasonable notice of the sale was provided through interested parties; (3) the sale has been proposed in good faith; and (4) the purchase price is fair and reasonable.

23. In the present case, the Debtors submit there is a sound business reason to sell the Equipment. The Equipment is equipment that was used in Floss Bar's business, but Floss Bar has been dormant since August 2022. The instant Motion merely seeks to accomplish one of the Debtors' stated goals in these bankruptcy cases- liquidation of their assets. Here, the

Term Sheet will enable the Debtors to close the sale and receive $55,000 in cash without expenses relating to an auctioneer and without unanticipated delays attendant to the plan confirmation process.

24. The Debtors intend to serve notice of this Motion in accordance with Rules 2002 and 6004, and applicable local rules. The Debtors submit that this notice constitutes adequate and reasonable notice of the sale.

25. The Debtors propose the sale in good faith.

26. Finally, for the reasons set forth above, the Debtors submit that the proposed purchase price is fair and reasonable.

27. For all of the reasons set forth in this Motion, the Debtors, in the exercise of their business judgment, have determined that the sale of the Equipment to the Buyer is in the best interests of the Debtors' estates.

28. Furthermore, for all the reasons set forth in this Motion, the Debtors seek relief from Bankruptcy Rule 6004(h) in order to immediately close the sale upon approval of this Motion.

## Notice

29. The Debtors shall serve notice of this Motion upon all creditors in accordance with Bankruptcy Rule 2002(a)(2).

## No prior relief

30. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

**WHEREFORE**, the Debtors respectfully request entry of an Order pursuant to Bankruptcy Code sections 105 and 363(b) approving the sale of the Equipment pursuant to the Term Sheet, and granting such other and further relief as is just and proper.

Dated: Roseland, New Jersey
April 14, 2023

          MANDELBAUM BARRETT PC

          By: /s/ Vincent J. Roldan
          Vincent J. Roldan (VR-7450)
          3 Becker Farm Road
          Roseland, NJ 07068
          973-974-9815
          vroldan@mblawfirm.com

          *Attorneys for Debtors and Debtors-in-Possession*